UNITED STATES *v.* G. KLEIN & SON (No. 4807)[1]

---

[1] C. A. D. 574.

United States Court of Customs and Patent Appeals, November 9, 1954

*Warren E. Burger*, Assistant Attorney General (*Richard E. FitzGibbon, Richard H. Welsh*, and *Joseph E. Weil*, special attorneys, of counsel), for the United States.
*Lane, Young & Fox* (*William Whynman* of counsel) for appellee.

[ Oral argument October 12, 1954, by Mr. Welsh and Mr. Whynman]

Before O'CONNELL, Acting Chief Judge, and JOHNSON, and WORLEY, Associate Judges

JOHNSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, pursuant to its decision, 31 Cust. Ct. 335, Abs. 57678, sustaining the protests filed by appellee against the rate of duty applied by the Collector of Customs on an importation consisting of (1) certain shiny black glass beads and (2) certain dull black glass beads.

The Collector of Customs classified both of the above mentioned types of beads as beads in imitation of semiprecious stones and assessed a duty at the rate of 45 per centum ad valorem under paragraph 1503 of the Tariff Act of 1930. The pertinent portion of this paragraph of the statute is:

> Par. 1503. * * * all other beads in imitation of precious or semi-precious stones, of all kinds and shapes, of whatever material composed, 45 per centum ad valorem:

The appellee, in his protests, claimed that the beads in question should be classified as beads not specially provided for under paragraph 1503, and dutiable accordingly at the rate of 35 per centum ad valorem. The pertinent portion of this paragraph of the statute is:

> Par. 1503. Spangles and beads, including bugles, not specially provided for, 35 per centum ad valorem; * * *

The Customs Court sustained appellee's protests and assessed the merchandise as beads not specially provided for at 35 per centum ad valorem.

The Government has appealed from the judgment of the Customs Court, and contends that the assessment of duty by the Collector of Customs is correct.

At a pre-trial conference during the proceedings in the Customs Court, the collector clarified his classification of the merchandise. The imported shiny black glass beads were classified as beads in imitation of black onyx or obsidian, and not in imitation of any other precious or semiprecious stones. The imported dull black glass beads were classified as beads in imitation of black onyx and not in imitation of any other precious or semiprecious stones.

The imported shiny black glass beads were received in evidence as appellee's Exhibit 1, and the imported dull black glass beads were received in evidence as appellee's Exhibit 2. Also received in evidence, as appellee's Illustrative Exhibit 5, were genuine shiny black onyx beads; as appellee's Illustrative Exhibit 6, a piece of genuine dull onyx; and as appellee's Illustrative Exhibit 9, a number of obsidian beads.

At the trial in the Customs Court, appellee produced four witnesses and the Government produced three witnesses.

The testimony of appellee's witnesses was directed toward pointing out the differences in the physical characteristics between the shiny black glass beads, Exhibit 1, and the shiny genuine onyx beads, Exhibit 5; and between the dull black glass beads, Exhibit 2, and the piece of genuine dull onyx, Exhibit 6.

We therefore deem it necessary, at this point, to completely describe the outward appearances of the various beads which were submitted in evidence. The following descriptions are made from our own observations of the beads under consideration as guided by the testimony of the witnesses who pointed out the various physical characteristics of the exhibits.

In general overall appearance, the imported shiny glass beads, Exhibit 1, are opaque, black, faceted (in the manner described below), generally spherical, smooth, and lustrous. The beads have certain areas which are faceted and other areas which are not faceted. Certain of the non-faceted areas result from some of the facets not intersecting completely at all points, thus producing some small rounded surfaces at their common edges. These rounded surfaces, according to the testimony of appellee's witnesses, have a shiny typical glass-like appearance. A pierced hole extends through the beads. Other areas in addition to those mentioned above are not faceted. More specifically in this respect, the surfaces of the beads in the vicinity of the pierced hole are rounded. The beads also exhibit a small

number of nicks on their surfaces. According to appellee's witnesses, these nicks have a typical conoidal glass-like appearance. The faceting on the beads is irregular.

The genuine shiny onyx beads, Exhibit 5, are completely faceted, black, lustrous, and generally spherical. The facets are sharp and smooth. The beads have drilled holes therein which extend completely therethrough. The surfaces at which the hole enters and leaves each bead are also faceted. The immediate areas on the outside of each bead surrounding the drilled hole are rough and show a small fracture. This fracture is dull, this being characteristic of onyx.

The dull black glass beads, Exhibit 2, are generally oblong in shape. A hole extends through each bead generally along the longitudinal axis thereof. The beads have a mat surface. The color of the beads appears to be black; however, according to the testimony of appellee's witnesses, the color is not absolutely black but has a slightly brownish tint. A very slight ridge mark extends along the length of some of the beads showing that they were molded. The surfaces of the bead in the immediate vicinity of the above mentioned holes have small fractures. These fractures have a glassy conoidal structure, according to testimony presented on behalf of appellee.

The genuine dull onyx, Exhibit 6, is black and has a uniform mat surface. It is in the shape of a disc. A portion of the disc is fractured. This fractured portion is dull, this being characteristic of onyx.

The Government's witnesses, experts in the field of precious and semiprecious stones, testified that in their opinions the shiny glass beads were imitation black onyx. Testimony was brought out in their cross-examination that in their opinions any black glass beads are in imitation of black onyx. It was further brought out on cross-examination that the shiny black glass beads are inferior to the onyx beads in the nicety of their workmanship. and that the shiny genuine onyx beads have a finer finish than the imported glass beads. It was also brought out on cross-examination that genuine mat onyx beads having an oblong shape are extremely scarce.

It is not disputed by either of the parties that onyx is a semiprecious stone.

The ultimate question involved in this appeal is whether the imported beads are in imitation of a semiprecious stone and therefore dutiable under paragraph 1503, *supra*, at 45 per centum ad valorem, or beads not otherwise provided for and therefore dutiable at 35 per centum ad valorem.

There is a presumption of correctness which attaches to the Customs Collector's classification. In order to overcome this presumption, the importer has the burden of proving that the Customs Collector was wrong in his classification and that he (the importer) is correct.

This court can review findings in classification matters on questions

of both law and fact. *United States* v. *Riebe*, 1 U. S. Ct. Cust. Appls. 19. Upon our review of the facts, which includes both the exhibits and the testimony of the instant case, we feel that the importer did not sustain his burden of proof.

In order to determine whether the importer has met his burden of proof, we felt it necessary to analyze the pertinent portions of paragraph 1503 in the light of the importer's evidence.

The clause *of all kinds and shapes* in paragraph 1503, *supra*, refers to beads. It means that the imported beads may have any shape whatsoever as long as their shape does not destroy their identity as beads.

In presenting his proof, the importer attempted to show that the shape of his imported shiny beads differed from the shape of the genuine shiny onyx beads because of variations in faceting between the two types of beads. While the faceting on both types of beads does vary in shape and nicety of execution, the fact remains that, according to the statute, any differences in shape between the imported beads and the genuine onyx beads are immaterial in classifying the beads as imitations of semiprecious stones. Therefore we feel that the importer has failed to meet his burden of proof by presenting this evidence.

The clause *of whatever material composed* in paragraph 1503, *supra*, refers to beads. It means that the beads may consist of any material whatsoever as long as the material does not destroy their identity as beads.

In comparing both types of the imported glass beads with genuine onyx, it was brought out by the importer that the imported glass beads have small conoidal glass-like fractures whereas genuine onyx exhibits a characteristic dull fracture. If the importer presented this evidence to show that the beads are obviously made of glass, we feel, upon examination of the beads, that the number and magnitude of the fractures are insufficient to show that the imported beads are obviously glass and therefore could not be in imitation of a semiprecious stone. On the other hand, if the importer presented this evidence only to show that the glass beads and the genuine onyx have different characteristic fractures and are therefore of different materials, we feel that the importer has not sustained his burden of proof since, according to the statute, the material of which the beads are composed, as evidenced by their characteristic fractures, has no bearing on their being in imitation of a semiprecious stone.

Both the imported shiny black beads and the genuine shiny black onyx are lustrous and opaque. These beads are of the same color, and to all outward appearances, generally of the same texture. Both the imported dull beads and the specimen of dull onyx are black, opaque, have a mat surface, and to all outward appearances have the

same texture. In the light of the foregoing analysis of the statute, we feel that the importer did not sustain his burden of proving that both types of imported beads are not in imitation of black onyx. The importer has therefore not overcome the presumption of correctness which attaches to the Customs Collector's classification.

The Customs Collector also classified the imported shiny black glass beads as being in imitation of obsidian. The Customs Court found that obsidian is not a semiprecious stone. Since we have found that the imported shiny black beads are in imitation of onyx, we find it unnecessary to determine whether obsidian is a semiprecious stone.

We have carefully reviewed all of the arguments presented to us as well as all of the cited cases, but deem it unnecessary to discuss them. For the reasons hereinbefore stated, the judgment appealed from is *reversed.*

WILLIAM P. COLE, JR., Judge, having participated below, disqualified himself from sitting in this case.

On account of illness, GARRETT, C. J., did not participate in the hearing or decision of this case.